NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAMELA KING, AKA Pamela Schiavone, | No. 20-55030 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-01689-CAB-WVG |
| v. | |
| U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, a National Banking Association; SUMMIT MANAGEMENT COMPANY, LLC, a Delaware corporation; BANK OF AMERICA, N.A., FKA Countrywide Home Loans Servicing LP, a National Banking Association, Successor by merger to BAC Home Loans Servicing, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; DOES, 1 to 25 inclusive including all persons or entities unknown claiming (A) any legal or equitable right, title, estate, lien, or interest in the subject property described in this verified complaint adverse to plaintiff's title, or (B) Any Cloud on plaintiff, | MEMORANDUM* |
| Defendants-Appellees. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted February 11, 2021[**]
Pasadena, California

Before: BOGGS,[***] M. SMITH, and MURGUIA, Circuit Judges.

Plaintiff-Appellant Pamela King (King) appeals the district court's dismissal of her claims that sought to unwind the foreclosure sale of real property located in Encinitas, California (Property), cancel various assignments and substitutions recorded against the Property, and quiet title to the Property. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Gingery v. City of Glendale*, 831 F.3d 1222, 1226 (9th Cir. 2016). We affirm.

King entered into a mortgage-loan agreement with Countrywide Bank as lender consisting of a promissory note and deed of trust secured by the Property. The trustee under the deed of trust was CTC RealEstate Services, and the beneficiary was Defendant Mortgage Electronic Registration Systems (MERS).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

On October 20, 2009, MERS recorded a document substituting Recontrust Company, N.A., as trustee, and transferring to BAC Home Loans Servicing LP all beneficial interest under the deed of trust to the Property. On July 21, 2016, Defendant Bank of America, N.A. (BoA), successor by merger to BAC Home Loans Servicing LP, recorded a document assigning its rights under the deed of trust to the Property to Defendant U.S. Bank Trust, N.A. (U.S. Bank). On July 25, 2016, a "Substitution of Trustee" dated July 21, 2016, which substituted Defendant Summit Management Company, LLC (Summit) as trustee, was recorded in the San Diego County Recorder's Office.

King failed to make her monthly mortgage payments, so a notice of default and notice of trustee sale on the Property were recorded. Because King failed to cure the default, a foreclosure sale was held with Summit as trustee, and the Property was conveyed to U.S. Bank.

1.    King contends that the district court erred by dismissing her claim for wrongful foreclosure because U.S. Bank and Summit lacked standing to foreclose on the Property. King argues that a deed of trust is not separately assignable from the promissory note it secures. Therefore, she contends, BoA acquired nothing from the MERS assignment such that the assignment, and the subsequent assignment to U.S. Bank, were void. Along these same lines, King contends that U.S. Bank lacked the right to foreclose because it did not hold the promissory note either because

3

MERS did not have the authority to transfer the note or because the recorded assignment of the deed of trust to U.S. Bank did not also assign the note.

King's arguments are foreclosed by California law with respect to California's nonjudicial foreclosure scheme. "There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose. Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure. Accordingly, the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale." *Debrunner v. Deutsche Bank Nat'l Tr. Co.*, 204 Cal. App. 4th 433, 441 (2012) (quoting *Lane v. Vitek Real Est. Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010)).

Based on the First Amended Complaint and the documents judicially noticed in the district court, U.S. Bank was the beneficiary of the deed of trust and Summit was the trustee at the time of the foreclosure sale. Whether U.S. Bank had an interest in the note is irrelevant to its right to foreclose based on its beneficial interest in the deed of trust. *See id.*

King also argues that MERS's "State by State Foreclosure Manual" establishes that MERS lacked authority to assign the beneficial interest in the deed of trust because Countrywide Bank was not a MERS member. However, the deed of trust grants MERS the authority to act on behalf of Countrywide Bank, and this

4

authority was not limited to the terms of any other agreements between MERS and Countrywide Bank. Therefore, any language in a MERS manual does not eliminate this authority.

King fails to meet her burden to establish that any of the assignments or substitutions with respect to the Property were void. *See Rossberg v. Bank of Am., N.A.*, 219 Cal. App. 4th 1481, 1493 (2013). Therefore, the district court properly dismissed King's claim for wrongful foreclosure because she fails to plausibly allege that U.S. Bank and Summit lacked standing to foreclose on the Property under California's nonjudicial foreclosure scheme.

2.    King's claims for quiet title, cancellation of instruments, unfair competition, and slander of title are all premised on the same flawed theory underlying her wrongful foreclosure claim that U.S. Bank and Summit lacked standing to foreclose on the Property. Because the First Amended Complaint does not allege facts plausibly supporting that theory, the district court properly concluded King's remaining claims fail as well.

3.    King argues the district court erred by denying her leave to amend. However, King's First Amended Complaint failed to address the deficiencies identified by the district court in its order dismissing her first complaint, and King makes no argument in her briefing as to any additional allegations she could raise to cure her deficient claims. Therefore, the district court did not abuse its discretion by denying leave to

amend because any further amendment would be futile. *See A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

**AFFIRMED.**